CASE 74—ACTION BY ALBERT SILVA AGAINST THE CITY OF NEWPORT TO TEST THE VALIDITY OF A CITY ORDINANCE.

## Silva v. City of Newport.

APPEAL FROM CAMPBELL CIRCUIT COURT—A. S. BERRY, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—ORDINANCE—FORMAL PARTS—TITLE—EXPRESSION OF SUBJECT—UNITY OF SUBJECT-MATTER.

1. An ordinance was headed "Ordinance for Light Franchise," and continued, "an ordinance providing" for the letting of franchises for the purpose of laying mains and pipes to supply the city with light, heat, and power by means of gas, or gas and hot water, or gas and steam, or gas, hot water and steam. Following this paragraph was the phrase, "Be it ordained by the general council," etc. HELD, that everything above the phrase, "Be it ordained by the general council," constituted the title, and not the preamble, of the ordinance, within Kentucky Statutes 1903, section 3059, providing that no ordinance shall embrace more than one subject, which shall be expressed in the title.
2. A municipal ordinance, which in its title and body provided for the letting of franchises to supply the city with light, heat and power by means of either gas alone, or by means of gas and hot

water, or by means of gas and steam, or by means of gas, hot
water and steam, provided for three separate and distinct fran-
chises, and was void as a whole, under Kentucky Statutes 1903,
section 3059, providing that no ordinance shall embrace more
than one subject, which shall be expressed in its title.

MATT HEROLD and L. J. CRAWFORD, for appellant.

### POINTS AND AUTHORITIES.

1. A municipal corporation can only exercise those powers
expressly granted, or those necessarily or fairly implied or in-
cident to the powers granted, or essential to the declared ob-
jects and purposes of the corporation. And the powers granted
are strictly construed.    Dillon Munic. Corp., secs. 89, 90, 91;
Simrall v. City of Covington, 90 Ky., 448; Bellevue v. Hahn,
82 Ky., 4; Covington St. Ry. v. Covington, 9 Bush, 127; Louis-
ville St. Ry. Co. v. Louisville, 8 Bush, 420; Broadway Baptist
Church v. McAtee, 8 Bush, 500; Wheatley v. Covington, 11 Bush,
19; Johnson v. Louisville, 7 Bush, 603; Johnson v. Louisville,
11 Bush, 562; Com. v. Vorheis, 12 B. M., 362; Henderson v.
Covington, 14 Bush, 312; Kniper v. Louisville, 7 Bush, 599;
Ruttle v. Covington, 10 Ky. Law Rep., 766.

2. The granting the control of its streets to a municipal cor-
poration does not empower the city to grant any franchise for
the use of said streets.    Louisville St. Ry. Co. v. Louisville, 8
Bush, 420; Covington St. Ry. Co. v. Covington, 9 Bush, 127.

3. The right to use the streets of a city for laying mains for
gas, steam, hot water, etc., is a franchise that can only be grant-
ed by the Legislature or some local or municipal authority au-
thorized to confer it.    Newport Light Co. v. Newport, 84 Ky.,
176; Dillon Munic. Corp., sec. 691.

4. Courts will declare an ordinance invalid if the ordinance is
uncertain or unreasonable.    Simrall & Co. v. City of Coving-
ton, 90 Ky., 444; Doyle v. Trustees of Bellevue, 1 Ky. Law
Rep., 168.

5. The ordinance and advertisement do not call for the high-
est and best bidder, but states that the franchise will be award-
ed to the highest bidder.    The provision of section 164 of the
Constitution is mandatory.    Keith v. Johnson, 22 Ky. Law Rep.,
947; Sec. 164, Ky. Const.

6. The Constitution treats "steam-heating" franchises as a
distinct franchise, for the granting whereof the city must be
expressly empowered by the Legislature.    Sec. 163, Ky Const.;
Sec. 158, Ky. Const.

Silva v. City of Newport.

JAS. T. THORNTON, FOR APPELLEE.

Our contention is as follows:

The present Constitution of Kentucky says, "No gas, steam, heating, etc. company shall lay its pipes and mains in the streets of a city without consent of proper legislation by said cities." The converse of this proposition is true, that with the consent of such bodies they may. The ordinance in question does not authorize a sale of, nor undertake to grant any franchise to, any company except for the purpose of entering in and upon the streets, alleys and public places of the city of Newport, Ky.; that to the highest bidder, subject to the right of the general council to reject any and all bids, as contemplated in section 164 of the present Constitution of Kentucky, no city shall grant any franchise for a term of years exceeding twenty; and that after due advertisement. Nor has appellee undertaken anything contrary hereto.

HARVEY MYERS, FOR HIMSELF AND ASSOCIATES.

The undersigned, the bidder for the franchise involved in the action here, respectfully asks the court to permit him to intervene herein by brief.

1. We submit that the language of the ordinance is clear and explicit, and its meaning not in any wise clouded or hidden; that, while bidders were authorized to bid for gas in combination with either hot water or steam, bids were invited also for "gas alone."

2. The person desiring to bid for the other rights could have easily have done so by setting forth in his bid the franchise desired, and the ordinance in that respect is capable of clear understanding.

3. Two *bona fide* bids were received, as shown by the copies filed. Both these bids were for the franchise for supplying to the city of Newport and its consumers "gas alone," and neither of the bids is complicated with the bid for hot water or steam.

4. The makers of the Constitution provided that no hot water or steam heating company should lay its pipes or mains under or over the streets of the city without the consent of the proper legislative bodies or boards of such city being first obtained, thereby intending to confer, and did confer, upon such companies to occupy the streets when the consent of the proper authorities had been first obtained.

5. By the general rules of construction it is the duty of the court to effectuate a law, if it can be done, without strained construction.

AUTHORITIES CITED.

Const., sec. 163; A. & E. Ency. of Law, vol. 26 (2d ed.), p. 570; Rogers v. Jacobs, 88 Ky., 570; Gilbert v. Paducah, 72 S. W., 816; Southern Ry. in Ky. v. Coulter, 68 S. W., 877; Jernigan v. City of Madisonville, 102 Ky., 313; Com. v. Sherman, 85 Ky., 691; Peacock & Co. v. Pratt, 121 Fed., 778; Huntington v. Worthen, 120 U. S., 97; Busch v. Webb, 122 Fed., 655; Comm'rs of Wilks Co. v. Coler, 113 Fed., 725; U. S. v. Freeman, 113 Fed., 373; In re New York & L. I. Bridge Co., 90 Hun., N. Y., 312; Ried v. Morton, 119 Ill., 118; Heinz v. The People, 92 Ill., 424.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action was instituted in the Campbell circuit court to test the validity of an ordinance of Newport, a city of the second class. So much of the ordinance as we deem essential to the decision of the question before us is as follows: "Ordinance for Light Franchise in Newport. An ordinance providing for the letting at public bidding of the franchises, rights and privileges of entering in and upon the streets and public ways of and in the city of Newport, Ky., for the purpose of laying, maintaining and operating mains and pipes, with all necessary appendages, and therefrom to supply the city of Newport and its consumers with light, heat, fuel and power, by means of either gas alone, or by means of gas and hot water, or by means of gas and steam, or by means of gas, hot water and steam, for a term of twenty (20) years from the acceptance of the successful bid therefor, and granting such franchise, rights and privileges to the highest bidder. Be it ordained by the general council of the city of Newport, Kentucky." We do not recall ever having seen an ordinance framed precisely like the above. It will be observed that in the first line it is entitled "Ordinance for Light Franchise in Newport," and then follows, at the place usually set apart for the preamble (where there is one), what is nothing more nor less than a second, or more extended

title, containing the purposes of the proposed ordinance. This is not a preamble, for that is a history or recitation of the necessity for the legislation in question. Bouvier defines it as follows: "It [preamble] is no more than a recital of some inconvenience, which does not exclude any others for which a remedy is given by the enacting part of the statute." We conclude that all above "Be it ordained by the general council of Newport, Kentucky," constitutes the title of the ordinance. It is apparent that the title relates to, at least, three subjects, to-wit, the furnishing of the city with light, heat, and power by means either of gas, hot water, or steam, or a combination of these. Here are three separate and distinct franchises provided for in one ordinance. Section 3059 of the Kentucky Statutes of 1903 (charter of cities of the second class) provides, among other things, that "no ordinance shall embrace more than one subject, and that shall be expressed in the title." As the title and ordinance under consideration contain more than one subject, the whole is void. Hind v. Rice, 10 Bush, 528. The demurrer to the petition should have been overruled.

Wherefore the judgment is reversed for proceedings consistent herewith.